IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL NO. 1:21CR202 |
| | ) | |
| | ) | The Honorable Liam O'Grady |
| BERNARD LEJON JENKINS, JR., | ) | |
| Defendant. | ) | Sentencing: February 8, 2022 |

**POSITION OF THE UNITED STATES
WITH RESPECT TO SENTENCING**

The United States of America, through its attorneys, Jessica D. Aber, United States Attorney, and Ronald L. Walutes, Jr., Assistant United States Attorney, and in accord with 18 U.S.C. § 3553(a) and the United States Sentencing Commission, *Guidelines Manual,* § 6A (Nov. 2018), files this Position of the United States with Respect to Sentencing in the instant case. The United States asks the Court to impose a sentence within the properly calculated Sentencing Guidelines range of months of incarceration 12 to 18 months**.**   Such a sentence appropriately accounts for each of the factors set forth in 18 U.S.C. § 3553(a).   This was an early plea and permitted the allocation of resources to other cases.

**BACKGROUND**

This defendant acted as a straw purchaser for 18 guns during the pandemic shut down. These guns were often sold to others, who sometimes were driving him to the firearms stores, before they were even picked up.   The government believed this defendant was trafficking in firearms but does not have the ability to prove his foreknowledge with how the guns were being used.   It is clear, however, that this defendant was fully aware they were crossing state lines and

going into the District of Columbia. Even when approached by ATF, the defendant continued to attempt to purchase firearms during the shutdown.

## ARGUMENT

### I. Applicable Sentencing Law

The Sentencing Guidelines promulgated by the Sentencing Commission are advisory, although sentencing courts "must consult those Guidelines and take them into account when sentencing." *United States v. Booker*, 543 U.S. 220, 264, 125 S. Ct. 738, 767 (2005). "The Guidelines require the district judge to give due consideration to the relevant sentencing range . . . ." *Freeman v. United States*, 131 S. Ct. 2685, 2692 (2011) (plurality opinion). In "the ordinary case, the Commission's recommendation of a sentencing range will 'reflect a rough approximation of sentences that might achieve § 3553(a)'s objectives.'" *Kimbrough v. United States*, 552 U.S. 85, 109, 128 S. Ct. 558, 574 (2007) (quoting *Rita v. United States*, 551 U.S. 338, 350, 127 S. Ct. 2456, 2465 (2007)). Accordingly, a "district court shall first calculate (after making the appropriate findings of fact) the range prescribed by the guidelines. Then, the court shall consider that range as well as other relevant factors set forth in the guidelines and those factors set forth in [18 U.S.C.] § 3553(a) before imposing the sentence." *United States v. Hughes*, 401 F.3d 540, 546 (4th Cir. 2005).

The "Guidelines should be the starting point and the initial benchmark," keeping in mind that a sentencing court "may impose sentences within statutory limits based on appropriate consideration of all of the factors listed in § 3553(a), subject to appellate review for 'reasonableness.'" *Pepper v. United States*, 131 S. Ct. 1229, 1241 (2011). Although "the Guidelines are advisory rather than mandatory, they are . . . the product of careful study based on

extensive empirical evidence derived from the review of thousands of individual sentencing decisions."  *Gall v. United States*, 552 U.S. 38, 46, 128 S. Ct. 586, 594 (2007).  A sentencing court, therefore, "must first calculate the Guidelines range, and then consider what sentence is appropriate for the individual defendant in light of the statutory sentencing factors, 18 U.S.C. § 3553(a), explaining any variance from the former with reference to the latter."  *Nelson v. United States*, 555 U.S. 350, 351, 129 S. Ct. 890, 891-92 (2009).

Section 3553(a) states that the court should consider the nature and circumstances of the offense and characteristics of the defendant.  In addition, the court must consider other factors, including the need for the sentence "to reflect the seriousness of the offense, to promote respect for law, and to provide just punishment for the offense; [and] to afford adequate deterrence to criminal conduct."  18 U.S.C. § 3553(a)(2)(A) & (B).  The court should also consider the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.  18 U.S.C. § 3553(a)(6).

## II.     A Guideline Sentence is Consistent with the Factors and Considerations Set Forth in 18 U.S.C. § 3553(a) and (b).

Section 3553(a) requires a sentencing court to consider the nature and circumstances of the offense and the history and characteristics of the defendant, as well as the need for the sentence imposed to:   reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

*Nature and Circumstances of the Offense*:   Applying these sentencing factors to the facts of this case demonstrates that a guideline sentence is both appropriate and reasonable.

The defendant's conduct was serious and placed a very large number of guns into the hands of individuals from out of state who did not want a paper trial.   Even when he became aware that he had come to the attention of law enforcement he was completely undeterred. *United States v. Miller*, 484 F.3d 964, 967-68 (8th Cir. 2007) ("general deterrence . . . is one of the key purposes of sentencing . . . .").   In particular, there is a great need to deter the sale of weapons on the street as demonstrated with the gap of only 23 days and greater between purchase and recovery on the street as to four of the 18 firearms straw purchased.   This is a serious crime and must be deterred.

*History and Characteristics of Defendant*:   The government was surprised the armed robbery on the campus of ODU was nolle prossed as it tied this defendant to the use of a firearm.   However, removing that case the fact remains that 18 firearms during the public shut down is behavior which must be deterred when repeated contact with law enforcement did not cause the defendant to stop.

## **CONCLUSION**

Therefore, for the above-stated reasons, the United States submits that a guideline sentence is appropriate and necessary to promote respect for the law and to protect the community from this type of violent and dangerous crime and accounts for each of the factors set forth in 18 U.S.C. § 3553(a).    Straw purchase firearm sales are a very grave threat to the public.

Respectfully submitted,

Jessica D. Aber
United States Attorney

_____/s/_____
Ronald L. Walutes, Jr.
Assistant United States Attorney
Attorney for the United States of America
United States Attorney's Office
Justin W. Williams U.S. Attorney's Building
2100 Jamieson Avenue
Alexandria, Virginia 22314
Phone:   703-299-3700
Fax: 703-739-9556
Email Address: ron.walutes@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of February, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

    Mark John Petrovich, Esquire
    Counsel for the defendant

I further certify that I have sent the foregoing by email to the United States Probation Officer at Kenneth_Orsino@vaep.uscourts.gov.

                                                  /s/

                          Ronald L. Walutes, Jr.
                          Assistant United States Attorney
                          Attorney for the United States of America
                          United States Attorney's Office
                          Justin W. Williams U.S. Attorney's Building
                          2100 Jamieson Avenue
                          Alexandria, Virginia 22314
                          Phone:   703-299-3700
                          Fax: 703-739-9556
                          Email Address: ron.walutes@usdoj.gov,